IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKIE LAMAR MILES, ID # 854814, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:03-CV-2723-P |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

A. **Nature of the Case:** The Court has under consideration three consolidated petitions for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

B. **Parties**: Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

C. **Procedural History:** On May 18, 1998, petitioner pled *nolo contendere* to indecency with a child in Cause No. F96-40582-S. *See Miles v. State*, Nos. 05-99-00025-CR, 05-99-00026-CR, 1999 WL 788600, at *1 (Tex. App. – Dallas, Oct. 5, 1999, no pet.) (setting forth relevant procedural history). Such plea resulted in a ten-year sentence that the trial court probated for ten years. *Id.* On December 18, 1998, the trial court held a hearing on a motion by the State to revoke petitioner's

probation.  *Id.*  "After a contested hearing, the trial court . . . revoked community supervision [(or probation)] . . . and sentenced [petitioner] to ten years confinement . . .."  *Id.*

On December 18, 1998, petitioner appealed the revocation of his probation.  *See Miles v. State*, No. 05-99-00026-CR, http://www.courtstuff.com/FILES/05/99/05990026.HTM (docket sheet information generated Mar. 23, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas) (hereinafter referred to as State Docket Sheet).  On October 5, 1999, the court of appeals affirmed the trial court's judgment revoking petitioner's probation.  *See Miles*, 1999 WL 788600, at *1-2.  Petitioner filed no petition for discretionary review (PDR).  *See* State Docket Sheet.

More than one year later, on March 27, 2001, petitioner filed a state application for writ of habeas corpus to challenge the revocation of his probation.  (Pet. Writ Habeas Corpus (Pet.) at 3.)  On October 3, 2001, the Texas Court of Criminal Appeals granted that application in part by granting him leave to file an out-of-time petition for discretionary review.  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Event.asp?EventID=1885209 (accessed April 12, 2005) (showing that matter should be filed and set); State Docket Sheet (showing that the Court of Criminal Appeals granted petitioner relief on Oct. 3, 2001, and showing a November 29, 2001 deadline for petitioner's PDR).  Despite the leave to file an out-of-time petition for discretionary review, petitioner filed no such petition.  *See* State Docket Sheet (Jan. 24, 2002 entry indicating no PDR).  On July 15, 2002, petitioner filed a second state habeas application, which the Texas Court of Criminal Appeals denied on January 15, 2003.  (Pet. at 4.)

Petitioner commenced this action when he signed his federal petition and placed it in the prison mail system on November 6, 2003. (*See id.* at 9.) In four grounds for relief in his petition, he claims that he is being held unlawfully because (1) his plea was involuntary and coerced; (2) his conviction was obtained by a coerced confession; (3) the prosecutor failed to timely tell him about favorable evidence before his civil trial;[1] and (4) he received ineffective assistance of counsel during the plea process, at the revocation hearing, and on appeal. (Pet. at 7-8.) In untitled pages attached to his petition, petitioner elaborates on these four grounds, and further claims that (5) his conviction was obtained by a violation of his privilege against self-incrimination; (6) his probation was improperly revoked; (7) the trial court lacked sufficient evidence to revoke his probation; (8) the trial court failed to inquire about the voluntariness of his plea; (9) the various state courts[2] failed to afford him his rights to due process; and (10) he was convicted on an illegal indictment. (Attached Pages 6, 16-25.)

## II.  ERRORS IN STATE CIVIL AND POST-CONVICTION PROCESSES

Petitioner alleges error in the manner in which the state courts handled the civil proceeding to terminate his parental rights as well as his state habeas applications. (*See* Attached Pages at 20-24.) He argues that the civil court erred in several respects, including by not granting sufficient time to read relevant records and obtain witnesses to testify on petitioner's behalf, and by considering the

---

[1] Petitioner had a civil trial to terminate his parental rights. (*See* Untitled Pages Attached to Pet. at 3, 7, hereinafter referred to as Attached Pages.)

[2] Petitioner specifically contends that the civil court violated his rights during civil proceedings to terminate his parental rights; the criminal court violated his Constitutional rights when he pled to the indecency charge against him and when it imposed a probated, ten-year sentence; the revocation court violated his Constitutional rights during the revocation hearing; the court of appeals violated his Constitutional rights during the appeal of the revocation of his probation; and the court of criminal appeals violated his Constitutional rights during the State-writ process. (*See* Attached Pages at 20-24.)

victim's recantation.  (*Id.* at 20.)  He argues that the state courts failed to investigate his evidence

and read his entire state writ.  (*Id.* at 24.)  He further argues that the courts erroneously made

findings with respect to his and his attorneys' credibility.  (*Id.*)  He also argues that the "Appeals

Court gave [him] relief, but failed to give [him] an extension to file [his] PDR."  (*Id.*)

The Court addresses these claims at the outset because these arguments raise no claim

cognizable under 28 U.S.C. § 2254.  Federal habeas relief cannot be had "absent the allegation by

a [petitioner] that he or she has been deprived of some right secured to him or her by the United

States Constitution or the laws of the United States."  *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.

1995).  The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner

"is in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C.

§ 2254(a).  This Court cannot grant habeas corpus relief "to correct alleged errors in state habeas

proceedings."  *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief

was not available for such alleged errors).  "[E]rrors in state postconviction proceedings will not, in

and of themselves, entitle a petitioner to federal habeas relief."  *Morris v. Cain*, 186 F.3d 581, 585

n.6 (5th Cir. 1999).  Such errors necessarily fail "because infirmities in state habeas [and other post-

conviction] proceedings do not constitute grounds for relief in federal court."  *Hallmark v. Johnson*,

118 F.3d 1073, 1080 (5th Cir. 1997).  Likewise, claims relating to state civil matters and not the

custody of a defendant are not cognizable on federal habeas review.  *See Roe v. Baker*, 316 F.3d 557,

571 (6th Cir. 2002), *cert. denied*, 540 U.S. 853 (2003).  An error in civil proceedings simply does not

make a petitioner's incarceration violative of the Constitution or laws or treaties of the United

States.  Petitioner's challenges to the state civil and post-conviction proceedings merely attack pro-

4

ceedings collateral to his detention and not his detention itself.  Accordingly, these arguments entitle

petitioner to no habeas relief.

## II.  STATUTE OF LIMITATIONS

Although the alleged errors in the state civil and post-conviction processes are not cognizable

in this action under 28 U.S.C. § 2254, petitioner's other claims are cognizable in a federal application

for writ of habeas corpus.  However, petitioner must timely file such claims in accordance with 28

U.S.C. § 2244(d)(1).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 (the Act), Pub. L. 104-132, 110 Stat. 1217.  Title I of the Act applies to all federal petitions

for habeas corpus filed on or after its effective date, which is the date of its enactment.  *Lindh v.*

*Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant federal petition after its

effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.

One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-

year period is calculated from the latest of either (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action

in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes

a new constitutional right and makes the right retroactively applicable to cases on collateral review;

or (D) the date on which the facts supporting the claim became known or could have become known

through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition.  Nor does he base his petition on any new constitutional right

under subparagraph (C).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-

year statute of limitations from the latest of (A) the date petitioner's judgment of conviction became

final or (D) the date on which he knew or should have known with the exercise of due diligence the

facts supporting his claims.

With regard to subparagraph (A), the date petitioner's judgment of conviction became final,

petitioner appealed the revocation of his probation but filed no PDR.  The state "judgment" of

*revocation*[3] therefore becomes final for purposes of § 2244(d) upon the expiration of the time for

seeking further review through the filing of a PDR, *i.e.* thirty days after the appellate court rendered

its "judgment" on October 5, 1999.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)

(rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day

period to file a PDR).  Furthermore, "when a petitioner convicted in the Texas system acquires the

right to file an 'out-of-time' PDR, the relief . . . does not require a federal court to restart the running

of AEDPA's limitations period altogether."  *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir.), *cert.*

---

[3] Petitioner's judgments of *conviction* became final in June 1998 when the trial court ordered a probated sentence on his conviction for indecency with a child and petitioner did not then appeal the conviction.  The "judgment" that revoked petitioner's probation may simply be an appealable order under Texas law. *See Daugherty v. Dretke*, No. 3:01-CV-0202-N, 2003 WL 23193260, at *6-8 & n.14 (N.D. Tex. Dec.24, 2003) (findings and recommendation noting distinction between straight probation cases and deferred adjudication cases when considering finality of judgment under subparagraph (A); Texas courts enter judgments when imposing straight or shock probation as opposed to orders for deferred adjudication), *accepted by* 2004 WL 993822 (N.D. Tex. Feb. 12, 2004).  Regardless, the Court assumes for purposes of this motion only that the "judgment" of revocation is sufficient to invoke a finality analysis under § 2244(d)(1)(A) because such assumption gives petitioner the greatest benefit of the doubt with respect to the timeliness of his petition but ultimately makes no difference to the final conclusion of the Court.

*denied*, ___ U.S. ___, 124 S. Ct. 2099 (2004).  Petitioner's relevant state "judgment" thus became final on November 4, 1999.

With regard to subparagraph (D), the Court determines that the facts supporting petitioner's cognizable claims became known or could have become known through the exercise of due diligence prior to the date petitioner's relevant state judgment became final on November 4, 1999.  When he pled *nolo contendere,* he would have known the factual basis for his claims related to the voluntariness of that plea, including his allegations that the trial court coerced him to plea and failed to inquire about the voluntariness of his plea.  At that time, he also would have known the factual bases for his claims that his conviction was based upon an illegal indictment and was obtained through a coerced confession and a violation of his privilege against self-incrimination.  In addition, because petitioner knew about the victim's recantation prior to entering his plea, he also knew the factual basis for his claim that the prosecutor withheld such recantation from him during his civil trial.  Furthermore, with respect to his claims that sufficient evidence does not support the revocation of his probation and that the court improperly revoked his probation, petitioner would have know the factual predicate for such claims in December 1998 when the court revoked his probation.  With respect to his claims of ineffective assistance of counsel, petitioner would have known the factual bases for the alleged deficiencies of counsel when they were occurring, *i.e.*, during the plea process in May 1998, at the revocation hearing in December 1998, and as his case proceeded on appeal between December 1998 and October 1999.  Likewise, with respect to his cognizable claims that the state courts violated his constitutional rights, petitioner would have known the factual bases for such violations when they were occurring, *i.e.*, during the plea and

7

sentencing proceedings in the criminal district court in May 1998, during the revocation proceedings

in December 1998, and during the appellate process between December 1998 and October 1999.


Because petitioner filed his federal petition more than one year after his "judgment" of

revocation became final on November 4, 1999, a literal application of § 2244(d)(1) renders his

November 6, 2003 filing untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."

28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that

petitioner's time calculation be tolled during the period in which his state habeas applications were

pending before the Texas state courts.  *See also*, *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D.

Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling

on state application).  In addition, an out-of-time PDR granted to a Texas inmate acts as a post-

conviction habeas application to statutorily toll the limitations period until resolution of the PDR.

*Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir.), *cert. denied*, ___ U.S. ___, 124 S. Ct. 2099 (2004).

In this case, when petitioner filed his first state petition on March 27, 2001, the statutory

tolling period had already expired.  Accordingly, the statutory tolling provision does not save the

federal petition filed November 6, 2003.  Further, nothing in the petition indicate that rare and

exceptional circumstances warrant equitable tolling.[4]  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same).

Although petitioner indicates that he is actually innocent of the offense to which he pled *nolo contendere*, (Attached Pages at 2), a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).  In addition, petitioner has not shown himself to be actually innocent of the charged indecency with a child.  The assertion of such claim encumbers petitioners with a heavy burden:

> To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001).  Petitioner has not carried this heavy burden.

Because neither statutory nor equitable tolling saves petitioner's November 6, 2003 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

---

[4]  The Court notes that petitioner unsuccessfully asserted various bases for equitable tolling in his federal action that challenged a related conviction for aggravated assault of a child.  *See Miles v. Dretke*, No. 3:03-CV-2725-K, 2004 WL 827941, at *1-5 (N.D. Tex. Apr. 15, 2004) (findings and recommendation), *accepted by* 2004 WL 1041635 (N.D. Tex. May 5, 2004).  Using identical relevant dates for determining the timeliness of the federal petition, the Court found petitioner's other federal petition untimely.  *See id.*

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 with prejudice.  The claims raised therein are either barred by statute of limitations or not cognizable on federal habeas review under § 2254.

**SIGNED this 18th day of April, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE